# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LEINANI DESLANDES, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-04857 |
| v. | ) ) ) | Judge Jorge L. Alonso<br>Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive, | ) ) ) ) ) | |
| Defendants. | ) | |
| ************************************ | ) | |
| STEPHANIE TURNER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-05524 |
| v. | ) ) ) | Judge Jorge L. Alonso<br>Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, a Delaware limited liability company, and McDONALD'S CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION

Defendants McDonald's USA, LLC and McDonald's Corporation (together, "Defendants"), by their undersigned counsel, respectfully move this Court for leave to file a 5-page Sur-reply in Opposition to Plaintiffs' Reply in Support Of Class Certification. In support of this motion, Defendants state as follows:

1. Plaintiff Leinani Deslandes filed this putative class action on June 28, 2017. On September 27, 2017, Plaintiff served Rule 26(a) Initial Disclosures on Defendants. Ex. 1 to Declaration of Caeli A. Higney (hereafter, "Higney Decl."), filed concurrently herewith. Eric

Vidler, Donna Miller, and Jason Watson are listed by name in Plaintiff Deslandes' initial disclosures as "individuals likely to have discoverable information to support Plaintiff's claims." *Id.* at 1-2. Plaintiff Deslandes also included in her disclosures "Representatives (including current and former employees) of Bam-B Enterprises of Central Florida" as individuals likely to have discoverable information. *Id.*

2. On August 15, 2019, Plaintiff Stephanie Turner filed a separate putative class action against Defendants alleging substantially the same claims, *see* Dkt. 180-1, which was consolidated with Plaintiff Deslandes' action on September 5, 2019, Dkt. 182. Plaintiff Turner served her Rule 26(a) Initial Disclosures on October 10, 2019, and identified "Representatives (including current and former employees) of Copeland Investments Corp. Inc." and "McDonald's Restaurants of Kentucky, Inc.," both McDonald's franchisees for whom she worked, as individuals likely to have discoverable information. Higney Decl. Ex. 2.

3. On January 15, 2021, Plaintiffs moved this court to certify a class consisting of "[a]ll persons who were employed at a McDonald's branded restaurant in the United States from June 28, 2013 to July 12, 2018," excluding directors and officers. Dkt. 268 at 1.

4. On April 15, 2021, Defendants opposed Plaintiffs' motion for class certification. Dkt. 299 (hereafter, "Opposition"). Attached to Defendants' Opposition were declarations submitted by former employees of McDonald's franchisee Bam-B enterprises, including Eric Vidler, Donna Miller, and Jason Watson, as well as the current owner/operator of certain former Bam-B franchise stores, Leonardo Lopez. Dkt. 310-11, Ex. 120 (Lopez Decl.); Dkt. 310-12, Ex. 121 (Miller Decl.), Ex. 122 (Watson Decl.), Ex. 123 (Vidler Decl.). Defendants also attached a declaration by franchisee owner/operator Grant Groen. *Id.* at Ex. 124 (Groen Decl.).

5. Prior to filing a reply to Defendants' Opposition, Plaintiffs sought to depose these declarants. Pursuant to an agreement with the declarants' counsel, Plaintiffs took the following depositions: Grant Groen (May 13, 2021); Jason Watson (May 17, 2021); Leonardo Lopez (May 20, 2021); Donna Miller (May 24, 2021); and Eric Vidler (May 25, 2021).

6. On May 28, 2021, Plaintiffs filed a reply in support of their motion for class

certification. Dkt. 346 (hereafter, "Reply"). In their Reply, Plaintiffs cited to excerpts of the aforementioned depositions, Dkt. 346 at 3, 8, 11, which they also compiled into tables in the Declaration of Walter W. Noss, Dkt. 347. Plaintiffs' citations to the depositions aimed to demonstrate that the witnesses' testimony supported Plaintiffs' arguments, or that it was otherwise unreliable. But Plaintiffs' citations were either lifted from contexts that contradict the propositions for which they are cited, or quite simply do not support the propositions at all. To ensure the completeness and accuracy of the record, Defendants thus request permission to file a 5-page sur-reply in order to give the Court a complete picture with respect to the franchisee declarants' deposition testimony—evidence that did not exist and could not be addressed at the time of Defendants' opposition to the class certification motion.

7. It is within the Court's discretion to grant leave to file a sur-reply. *See* Dkt. 45 (granting motion for leave to file sur-reply filed by Plaintiffs in this case); *see also Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014); *Franek v. Walmart Stores, Inc.*, No. 08-CV-0058, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009), *aff'd sub nom. Jay Franco & Sons, Inc. v. Franek*, 615 F.3d 855 (7th Cir. 2010). Permitting Defendants to file a sur-reply would "'provide[] the court with the information necessary to make an informed decision'" by allowing the Court to see the full context of the franchisee declarant depositions, rather than the very limited, cherry-picked excerpts attached to Plaintiffs' Reply. *Univ. Healthsystem Consortium*, 68 F. Supp. 3d at 922 (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

8. Accordingly, Defendants respectfully request leave to file a 5-page sur-reply in opposition to Plaintiff's Reply, along with supporting exhibits, attached hereto as Exhibit A.

Dated: June 4, 2021

Respectfully submitted,

**McDONALD'S USA, LLC and McDONALD'S CORPORATION**

By: <u>*/s/ Rachel S. Brass*</u>
     Rachel S. Brass

GIBSON DUNN & CRUTCHER LLP

Rachel S. Brass (admitted pro hac vice)
Caeli A. Higney (admitted pro hac vice)
Julian W. Kleinbrodt (admitted pro hac vice)
555 Mission St., Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 374-8458
Email: RBrass@gibsondunn.com
       CHigney@gibsondunn.com

Matthew C. Parrott (admitted pro hac vice)
3161 Michelson Dr.
Irvine, CA 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: MParrott@gibsondunn.com

A&G LAW LLC

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
542 S. Dearborn St.; 10th Floor Chicago, IL 60605
Tel.: (312) 341-3900
Fax: (312) 341-0700

## **CERTIFICATE OF SERVICE**

      I, Rachel S. Brass, an attorney, hereby certify that the foregoing document was electronically filed on June 4, 2021 and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

                                        */s/ Rachel S. Brass*_____
                                        Rachel S. Brass