# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LEINANI DESLANDES, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-04857 |
| v. | ) ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, a Delaware limited liability company, McDONALD'S CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive, | ) ) ) ) ) | |
| Defendants. | ) | |
| ************************************** | ) | |
| STEPHANIE TURNER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-05524 |
| v. | ) ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, a Delaware limited liability company, and McDONALD'S CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO UNITED STATES' MOTION FOR LEAVE TO FILE STATEMENT OF INTEREST**

McDonald's USA, LLC and McDonald's Corporation (collectively "McDonald's") oppose the motion by the Department of Justice (DOJ) for leave to file a statement of interest. As McDonald's explained to the DOJ, its motion is untimely. This case has been ongoing since June 28, 2017. *See* Dkt. 1. Pursuant to the court-ordered schedule, Dkt. 375, McDonald's moved for summary judgment on October 26, 2021, and briefing closed on December 21, 2021. Dkt. 379. Only now does the DOJ seek leave to file a brief—four-and-a-half years after this case began, four-and-a-half months after summary-judgment briefing began, and almost two full months since the Court took those motions under submission. And that brief—promised only by March 21, 2022—will prolong this litigation even further. Dkt. 446 at 2. The DOJ offers no explanation for any of this substantial delay.

To the contrary, the DOJ apparently seeks to address issues that have already been considered and resolved by the Court—"the Supreme Court's decision in *NCAA v. Alston*, 141 S. Ct. 2141 (2021)" and the DOJ's own 2019 Statement of Interest that, it now says, "does not fully and accurately reflect the United States' current views." Dkt. 446 at 1–2. The DOJ admits, as it must, that McDonald's raised these issues well before the pending summary judgment motion—in McDonald's supplemental brief on *class certification* (Dkt. 370). Dkt. 446 at 1. The Court resolved that motion in July 2021 in an order that engaged at length with *Alston* based on the parties' supplemental briefing. Dkt. 372 at 10–17; *see also* Dkts. 370–71. The Court already explained that it will "den[y] outright" any request to reconsider its ruling. Oct. 5, 2021 Hrg. Tr. at 5:23–25. And although the DOJ notes that McDonald's again cited the 2019 Statement of Interest in its opening brief for summary judgment, Dkt. 446 at 1, that was for the simple proposition that "parallel signing of franchise agreements, even with 'knowledge of others' agreement,' does not establish a hub-and-spoke conspiracy." Dkt. 379 at 9. The DOJ fails to explain how the parties' extensive briefs—spanning ninety pages and hundreds of exhibits—do not sufficiently address the issue of concerted action. *See* Dkts. 379 at 6–10, 397 at 5–12, 415 at 8–15, 428 at 5–7 (parties' briefing on issue).

Nor does the DOJ explain how "the interests of the United States" could be implicated

1

here. Dkt. 446 at 2 (quoting 28 U.S.C. § 517). At this juncture, this case concerns the claims of two private, individual plaintiffs who made specific, strategic choices about how to pursue this case. Dkt. 372 at 26–27. A ruling will not bind the DOJ or any other individual "free to pursue his or her own claim." *Id.* at 27. There is no reason to further delay adjudication for yet more briefing on issues already fully presented to the Court.

Indeed, the facts here are even starker than cases where courts have rejected as untimely the Antitrust Division's filings. *See LSP Transmission Holdings v. Lange*, 329 F. Supp. 3d 695, 704 (D. Minn. 2018). In *LSP*, the DOJ "offered no explanation, let alone good cause, for its delay" in filing a statement of interest "roughly two and one-half months after briefing was completed." *Id.* The court disregarded the brief because of this "unjustified delay" and "the fact th[e] case ha[d] been fully and thoroughly briefed." *Id.* Here, the explanation is equally lacking for an even longer delay in this "thoroughly briefed" case. *Id.*; *see also*, *e.g.*, *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007) (no good cause to accept untimely Statement of Interest filed twenty days after defendant's motion for summary judgment). The only case the DOJ cites, *Mountain Crest SRL, LLC v. Anheuser-Busch InBev SA/NV*, involved a brief filed at the court's invitation on an issue involving sovereign action—not an unprompted statement filed long after briefing closed in a purely private dispute. 937 F.3d 1067, 1079 (7th Cir. 2019).

For all of these reasons, it is not in the interests of justice to further delay this case through unsolicited briefing on an already-developed record. To the extent the Court is inclined to accept a brief from the DOJ, however, fairness requires that McDonald's have an opportunity to respond on a reciprocal schedule. *See Mountain Crest*, 937 F.3d at 1079 n.2 (noting that the parties were given opportunities to respond to the DOJ's submission). That is particularly true here as the DOJ indicates that it intends to alter the position it has espoused over the past four years in cases across the country. Dkt. 446 at 1; *see also Stigar v. Dough Dough, Inc.*, No. 2:18-cv-244-SAB, Dkt. 34 (E.D. Wash., Mar. 8, 2019); *Harris v. CJ Star, LLC*, No. 2:18-cv-247-SAB, Dkt. 38 (E.D. Wash. Mar. 8, 2019); *Seaman v. Duke Univ.*, No. 1:15-cv-462, Dkt. 325 (M.D.N.C. Mar. 7, 2019); *In re Ry. Indus. Employee No-Poach Antitrust Litig.*, No. 2:18-MC-798-JFC, Dkt. 158 (Feb. 8, 2019).

Dated: February 18, 2022          Respectfully submitted,

        **McDONALD'S USA, LLC and**
        **McDONALD'S CORPORATION**

By:     */s/ Rachel S. Brass*
           Rachel S. Brass

GIBSON DUNN & CRUTCHER LLP

Rachel S. Brass (admitted pro hac vice)
Caeli A. Higney (admitted pro hac vice)
Julian W. Kleinbrodt (admitted pro hac vice)
555 Mission St., Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 374-8458
Email: RBrass@gibsondunn.com
       CHigney@gibsondunn.com

Matthew C. Parrott (admitted pro hac vice)
3161 Michelson Dr.
Irvine, CA 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: MParrott@gibsondunn.com

A&G LAW LLC

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
542 S. Dearborn St.; 10th Floor Chicago, IL 60605
Tel.: (312) 341-3900
Fax: (312) 341-0700

## CERTIFICATE OF SERVICE

    I, Rachel S. Brass, an attorney, hereby certify that the foregoing document was electronically filed on February 18, 2022 and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

*/s/ Rachel S. Brass*
Rachel S. Brass
