UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEINANI DESLANDES, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 17-cv-04857 |
| v. | Judge Jorge L. Alonso<br>Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, *et al.*, | |
| Defendants. | |
| STEPHANIE TURNER, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 19-cv-05524 |
| v. | Judge Jorge L. Alonso<br>Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, *et al.*, | |
| Defendants. | |

**REPLY IN SUPPORT OF UNITED STATES' MOTION FOR LEAVE TO FILE
STATEMENT OF INTEREST**

Contrary to defendants' assertion (ECF No. 448 at 2–3), the United States' motion is timely. The statutory basis for Statements of Interest, 28 U.S.C. § 517, "contains no time limitation" on the United States' participation, *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017); it applies so long as a suit is "pending," 28 U.S.C. § 517. Courts have repeatedly accepted Statements of Interest filed under this provision despite the completion of briefing, including the Statement in *Stigar v. Dough Dough*, on which defendants have relied.[1]

---

[1] *See, e.g.*, Statement of Interest, *Stigar v. Dough Dough, Inc.*, No. 2:18-cv-00244, ECF No. 34 (E.D. Wash. Mar. 8, 2019) (filed over three months after completion of briefing); Statement of

Defendants are also mistaken to suggest that the Court would not benefit from the government's participation in this private antitrust case. (ECF No. 448 at 2–3.) Defendants have repeatedly cited the *Stigar* Statement, including in the pending dispositive motion. (ECF No. 108 at 6; ECF No. 370 at 6; ECF No. 379 at 15.) The United States has an interest in explaining why the *Stigar* Statement does not fully and accurately reflect the government's current views. Moreover, the government's outdated views in *Stigar* predated the Supreme Court's decision in *NCAA v. Alston*, 141 S. Ct. 2141 (2021), and the Court would benefit from hearing the government's position on *Alston*'s application to this case. Defendants note that this Court discussed *Alston* at the class certification stage (ECF No. 448 at 2), but that discussion does not eliminate the need for further analysis of *Alston* to resolve the pending dispositive motion, as defendants demonstrate by citing *Alston* multiple times in the motion. (ECF No. 379 at 11, 13, 17.) In addition, the United States has an interest in advocating correct interpretations of the antitrust laws, including in private cases, to facilitate "the longstanding [Congressional] policy of encouraging vigorous private enforcement of the antitrust laws." *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 745 (1977). That interest exists not only in appellate cases that "bind the DOJ or any other individual" (ECF No. 448 at 3), but also in district court cases that bind the parties and serve as persuasive authority.

---

Interest, *Global Music Rights, LLC v. Radio Music License Comm., Inc.*, No. 2:16-cv-9051, ECF No. 111 (C.D. Cal. Dec. 5, 2019) (filed three-and-a-half months after completion of briefing); Statement of Interest, *NSS Labs, Inc. v. CrowdStrike, Inc.*, No. 5:18-cv-05711, ECF No. 91 (N.D. Cal. June 26, 2019) (filed over five months after completion of briefing and four weeks after oral argument); Statement of Interest, *Seaman v. Duke Univ.*, No. 1:15-cv-462, ECF No. 325 (M.D.N.C. Mar. 7, 2019) (filed over two weeks after defendants served reply briefs in support of summary judgment motions and three business days before oral argument). In *Stigar*, the United States filed a notice of its intent to file a Statement under 28 U.S.C. § 517 nearly two months after the completion of briefing and twelve days before oral argument, noting that it would be unable to submit its Statement before the February 6 argument date. The district court postponed the argument, and the United States filed its Statement on March 8, 2019.

The two cases on which defendants rely (ECF No. 448 at 3) are inapposite. While those courts considered multiple factors, including whether the filings were "timely, useful, or otherwise necessary to the administration of justice," *LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018), their multi-factor analysis has no basis in the text of § 517; neither opinion even cites the statute. In any event, those factors counsel in favor of allowing the government's filing here: The short briefing period proposed by the United States will not significantly delay the proceedings; no party will suffer prejudice as a result of the filing; no party has—or possibly could have—articulated the United States' current views on the matters at issue; and providing those views will be useful given that defendants relied on an outdated version of them in a pending motion.

Finally, the United States would not object if the Court granted both parties leave to respond to its Statement of Interest, a possibility that the United States suggested in its motion. *See* ECF No. 446 at 2.

February 22, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Peter M. Bozzo*

　　　　　　　　　　　　　　　　　　JONATHAN S. KANTER
　　　　　　　　　　　　　　　　　　*Assistant Attorney General*

　　　　　　　　　　　　　　　　　　DOHA MEKKI
　　　　　　　　　　　　　　　　　　*Principal Deputy Assistant Attorney General*

　　　　　　　　　　　　　　　　　　DANIEL E. HAAR
　　　　　　　　　　　　　　　　　　NICKOLAI G. LEVIN
　　　　　　　　　　　　　　　　　　PETER M. BOZZO
　　　　　　　　　　　　　　　　　　*Attorneys*

　　　　　　　　　　　　　　　　　　UNITED STATES DEPARTMENT OF JUSTICE
　　　　　　　　　　　　　　　　　　ANTITRUST DIVISION

　　　　　　　　　　　　　　　　　　950 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　Room 3224
　　　　　　　　　　　　　　　　　　Washington, DC  20530-0001
　　　　　　　　　　　　　　　　　　Telephone: (202) 368-4122
　　　　　　　　　　　　　　　　　　Email: peter.bozzo@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 22, 2022, I electronically filed the foregoing brief by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

                                                  */s/ Peter M. Bozzo*
                                                   Peter M. Bozzo