UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEINANI DESLANDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 4857 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| McDONALD'S USA, LLC, | ) | |
| McDONALD'S CORPORATION, and | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STEPHANIE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 5524 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| McDONALD'S USA, LLC, and | ) | |
| McDONALD'S CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

After a hiring restriction prevented plaintiff Leinani Deslandes ("Deslandes") from taking a better-paying position with a rival McDonald's outlet, she filed this suit seeking relief under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Stephanie Turner ("Turner") filed a related suit, 19-cv-5524, which is consolidated with this one. Defendants have filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. Plaintiffs, too, have

filed a motion for summary judgment.[1] For the reasons set forth below, plaintiffs' motion is denied. Defendants' motion is granted in part and denied in part.

I. BACKGROUND

In 2017, Deslandes filed a three-count amended complaint challenging a no-hire provision in McDonald's franchise agreements. In Count I, Deslandes asserted that the no-hire provision was an unlawful restraint of trade under Section 1 of the Sherman Antitrust Act.[2] In her amended complaint (familiarity with which is assumed), plaintiff alleged that the two defendants (McDonald's Corporation and its wholly-owned subsidiary McDonald's USA, LLC) served as the franchisor for the ubiquitous McDonald's restaurants. (Plaintiffs usually refer to the two defendants collectively as McDonald's, and the Court does, as well.)

Deslandes also alleged that each franchisee signed a franchise agreement that contained a no-hire restriction, which read:

> Franchisee shall not employ or seek to employ any person who is at the time employed by McDonald's, any of its subsidiaries, or by any person who is at the time operating a McDonald's restaurant or otherwise induce, directly or indirectly, such person to leave such employment. This paragraph [] shall not be violated if such person has left the employ of any of the foregoing parties for a period in excess of six (6) months.

(Am. Complt. ¶ 87). Plaintiff further alleged that, although many McDonald's restaurants were owned and operated by franchisees, many other McDonald's restaurants were owned and operated by subsidiaries of defendant McDonald's Corporation. The parties refer to the restaurants owned by McDonald's Corporation as McOpCos. Deslandes alleged that the McOpCos competed directly with restaurants owned by franchisees.

---

[1] Although the parties intend for the motions to apply to both cases, they are filed on the docket of the Deslandes case.

[2] The other two counts were previously dismissed with prejudice.

In her amended complaint, Deslandes styled her Sherman Act claim as a restraint that is unlawful either *per se* or under quick-look analysis. Defendants disagreed and filed a motion to dismiss. In their motion to dismiss, defendants argued that the restraint was most appropriately analyzed under the rule of reason, such that plaintiff, in order to state a plausible claim, was required to include in her complaint allegations of market power in the relevant market. Deslandes had not included such allegations.

In ruling on the motion to dismiss, the Court concluded that Deslandes had stated a claim for a restraint that might be unlawful under quick-look analysis. *Deslandes v. McDonald's USA, LLC*, Case No. 17-cv-4847, 2018 WL 3105955 at *8 (N.D. Ill. June 25, 2018) ("*Deslandes I*"). (Familiarity with that decision is assumed.) The Court reasoned that plaintiff, by alleging that the McOpCos compete directly with the franchisees, had adequately alleged a horizontal restraint, because the restraint prevented defendants' competitors (the franchisees) from hiring defendants' employees. *Deslandes I*, 2018 WL 3105955 at *6. The Court further concluded that the alleged restraint could not be illegal *per se*, because it was ancillary to an output-enhancing agreement, namely the franchise agreement itself, which increased output of burgers and fries. *Deslandes I*, 2018 WL 3105955 at *7.

In denying the motion to dismiss and allowing plaintiff's claim to proceed on the theory that the alleged restraint might be unlawful under a quick look, the Court gave plaintiff an explicit but time-limited opportunity to amend her complaint to add allegations that would support the finding of an unlawful restraint under the rule of reason. Specifically, the Court said:

> Though the Court has concluded that plaintiff has stated a claim for a restraint that might be unlawful under quick-look analysis, the evidence at a later stage may not support it. *As defendants have pointed out, plaintiff has not attempted to plead a claim under the rule of reason.* This is perhaps unsurprising. To state a claim under the rule of reason, a plaintiff must allege market power in a relevant market. The relevant market for employees to do the type of work

> alleged in this case is likely to cover a relatively-small geographic area. Most employees who hold low-skill retail or restaurant jobs are looking for a position in the geographic area in which they already live and work, not a position requiring a long commute or a move. That is not to say that people do not move for other reasons and then attempt to find a low-skill job; the point is merely that most people do not search long distances for a low-skill job with the idea of then moving closer to the job. Plaintiff, though, seeks to represent a nationwide class, and allegations of a large number of geographically-small relevant markets might cut against class certification. *Nonetheless, if plaintiff decides she would like to include a claim under the rule of reason, she has leave to amend, but she must do so soon, within 28 days.*

*Deslandes I*, 2018 WL 3105955 at *8. (emphasis added). Deslandes chose not to amend.

The parties proceeded with discovery, and, eventually, plaintiffs Deslandes and Turner (who had, by that time, filed a similar suit that was consolidated with this one) moved to certify a nationwide class of persons who were employed by a McDonald's restaurant during a five-year period. This Court denied the motion for class certification. *Deslandes v. McDonald's USA, LLC*, Case No. 17 C 4857, 2021 WL 3187668 (N.D. Ill. July 28, 2021) ("*Deslandes II*"). (Familiarity with that decision is assumed.)

The primary reason why the Court denied class certification was its conclusion that individual issues would predominate. That conclusion stemmed from the conclusion that the restraint in this case would have to be judged under the rule of reason, which meant each plaintiff would need to establish that the restraint was anticompetitive in the relevant market in which she sold her labor. This Court explained in great detail its reasons for concluding that rule-of-reason analysis would apply. *Deslandes II*, 2021 WL 3187668 at *7-11. Those reasons included that the Supreme Court had recently decided, in a unanimous decision, that claims regarding restraints of trade "presumptively" call for rule-of-reason analysis. *Deslandes II*, 2021 WL 3187668 at *7 (citing *NCAA v. Alston*, __ U.S. __, 141 S.Ct. 2141 (2021)). Next, the Court explained that in many parts of the country (some twenty states), the no-hire agreement was only

4

a vertical agreement between franchisor and franchisee, because, in those areas, no McOpCos competed with franchisee restaurants. *Deslandes II*, 2021 WL 3187668 at *10. Vertical agreements are judged under the rule of reason. *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877, 907 (2007). Finally, defendants had put forth sufficient evidence of procompetitive effects to warrant consideration of the restraint under the rule of reason. *Deslandes II*, 2021 WL 3187668 at *8-10.

Because this Court denied class certification, this case is not a class action. What remains of this case are the individual claims of two plaintiffs, Deslandes and Turner. Each seeks relief under the Sherman Act for alleged reduced wages resulting from the no-hire restriction.

Before the Court is defendants' motion for judgment on the pleadings, or, in the alternative, summary judgment. As defendants point out, neither Deslandes nor Turner ever included in her respective complaint a plausible claim under the rule of reason, which is to say neither ever alleged a relevant market within which defendants have market power to suppress wages. Plaintiffs, too, have filed a motion for summary judgment.

The following facts are undisputed unless otherwise noted.[3]

---

[3] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules."). At the summary judgment stage, a party cannot rely on allegations; she or it must put forth evidence. Fed.R.Civ.P. 56(c)(1)(A); *see also Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("As the 'put up or shut up' moment in a lawsuit,' summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial."). Where one party supports a fact with admissible evidence (i.e., not complaint allegations) and the other party fails to controvert the fact with citation to admissible evidence (i.e., not complaint allegations), the Court deems the

Deslandes, at some point (the parties do not say when) was employed by a franchisee in a McDonald's restaurant in Apopka, Florida, near Orlando. Within three miles of Deslandes's home were two McDonald's restaurants and between 42 and 50 other quick-service restaurants. Within ten miles of Deslandes's home were 517 quick-service restaurants.

Turner was employed, at some point (the parties do not say when), by a McOpCo in Covington, Kentucky. She was also employed, at some point (the parties do not say when), by a franchisee to work in McDonald's restaurants located in Florence, Hebron and Erlander, Kentucky. Within ten miles of Turner's home were 253 quick-serve restaurants.

## II. STANDARD

A motion for judgment on the pleadings "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). Thus, the question is whether a plaintiff's complaint states a claim that is plausible on its face, meaning it "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Gill*, 850 F.3d at 339 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when

---

fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. See *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III.    DISCUSSION**

    **A.    Motion for judgment on the pleadings**

Defendants' theory as to why they are entitled to judgment on the pleadings is that the Court has already determined that this case must be analyzed under the rule of reason, and neither plaintiff included in her respective complaint allegations that plausibly suggest the restraint would be unlawful under rule-of-reason analysis. Specifically, neither Deslandes nor Turner alleged in her respective complaint the relevant market in which she sold her labor or that McDonald's had market power in that relevant market. Such allegations are necessary to state a plausible claim that a restraint is unlawful under the rule of reason. *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) (affirming dismissal of rule-of-reason claim where plaintiff failed to allege that defendant had market power within a relevant market); *see also Deslandes II*, 2021 WL 3187668 at *11 (describing the importance of defining a relevant market in vertical and horizontal restraint cases). In *Agnew*, the Seventh Circuit explained:

> Under a Rule of Reason analysis, the plaintiff carries the burden of showing that an agreement or contract has an anticompetitive effect on a given market within a given geographic area. As a threshold matter, a plaintiff must show that the defendant has market power—that is, the ability to raise prices significantly without going out of business—without which the defendant could not cause anticompetitive effects on market pricing.

*Agnew*, 683 F.3d at 335 (internal citation omitted).

the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III.    DISCUSSION**

    **A.    Motion for judgment on the pleadings**

Defendants' theory as to why they are entitled to judgment on the pleadings is that the Court has already determined that this case must be analyzed under the rule of reason, and neither plaintiff included in her respective complaint allegations that plausibly suggest the restraint would be unlawful under rule-of-reason analysis. Specifically, neither Deslandes nor Turner alleged in her respective complaint the relevant market in which she sold her labor or that McDonald's had market power in that relevant market. Such allegations are necessary to state a plausible claim that a restraint is unlawful under the rule of reason. *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) (affirming dismissal of rule-of-reason claim where plaintiff failed to allege that defendant had market power within a relevant market); *see also Deslandes II*, 2021 WL 3187668 at *11 (describing the importance of defining a relevant market in vertical and horizontal restraint cases). In *Agnew*, the Seventh Circuit explained:

> Under a Rule of Reason analysis, the plaintiff carries the burden of showing that an agreement or contract has an anticompetitive effect on a given market within a given geographic area. As a threshold matter, a plaintiff must show that the defendant has market power—that is, the ability to raise prices significantly without going out of business—without which the defendant could not cause anticompetitive effects on market pricing.

*Agnew*, 683 F.3d at 335 (internal citation omitted).

the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III.    DISCUSSION**

    **A.    Motion for judgment on the pleadings**

Defendants' theory as to why they are entitled to judgment on the pleadings is that the Court has already determined that this case must be analyzed under the rule of reason, and neither plaintiff included in her respective complaint allegations that plausibly suggest the restraint would be unlawful under rule-of-reason analysis. Specifically, neither Deslandes nor Turner alleged in her respective complaint the relevant market in which she sold her labor or that McDonald's had market power in that relevant market. Such allegations are necessary to state a plausible claim that a restraint is unlawful under the rule of reason. *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) (affirming dismissal of rule-of-reason claim where plaintiff failed to allege that defendant had market power within a relevant market); *see also Deslandes II*, 2021 WL 3187668 at *11 (describing the importance of defining a relevant market in vertical and horizontal restraint cases). In *Agnew*, the Seventh Circuit explained:

> Under a Rule of Reason analysis, the plaintiff carries the burden of showing that an agreement or contract has an anticompetitive effect on a given market within a given geographic area. As a threshold matter, a plaintiff must show that the defendant has market power—that is, the ability to raise prices significantly without going out of business—without which the defendant could not cause anticompetitive effects on market pricing.

*Agnew*, 683 F.3d at 335 (internal citation omitted).

When this Court concluded that the restraint at issue must be judged under the rule of reason, it considered information outside the pleadings. The conclusion, however, is the same based solely on the pleadings. "[A]ntitrust courts must give wide berth to business judgments before finding liability." *Alston*, 141 S.Ct. at 2163. Deslandes's and Turner's claims "presumptively" call for rule-of-reason analysis. *Alston*, 141 S.Ct. at 2151 ("Determining whether a restraint is undue for purposes of the Sherman Act 'presumptively' calls for what we have described as 'rule of reason analysis.'").

In *Alston*, the Supreme Court explained that a quick look suffices:

> *only* for restraints at opposite ends of the competitive spectrum. For those sorts of restraints—rather than restraints in *the great in-between*—a quick look is sufficient for approval or condemnation.

*Alston*, 141 S.Ct. at 2155 (emphasis added). On one end of that spectrum, the Supreme Court explained, are restraints that are "so obviously incapable of harming competition that they require little scrutiny," such as joint ventures commanding such a small share of the market (say, 5-6%) that any reduction in output would be made up by the rest of the market. *Alston*, 141 S.Ct. at 2155-56. On the opposite end of the spectrum are those "agreements among competitors" that "so obviously threaten to reduce output and raise prices that they might be condemned" after a quick look. *Alston*, 141 S.Ct. at 2156. The Supreme Court said such quick-look condemnations should be rare, explaining, "we take special care not to deploy these condemnatory tools until we have amassed 'considerable experience with the type of restraint at issue' and 'can predict with confidence that it would be invalidated in all or almost all instances.'" *Alston*, 141 S.Ct. at 2156 (citing *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877, 886-887 (2007)). The restraint at issue in this case falls in "the great in-between" of restraints that require rule-of-reason analysis. This Court cannot say that it has enough experience with no-hire provisions of

8

franchise agreements to predict with confidence that they must always be condemned, which means, under *Alston*, that the Court must apply rule-of-reason analysis to this case.

Accordingly, the Court also rejects Turner's and Deslandes's argument that the alleged restraint is unlawful *per se*. *Per se* treatment is outside quick-look treatment on either end of the spectrum and is, thus, even more rare than quick-look analysis. This Court previously rejected, at the motion-to-dismiss stage, the idea that Deslandes had alleged a restraint that was unlawful *per se*. *Deslandes I*, 2018 WL 3105955 at *7. The alleged restraint was specifically alleged to be part of a franchise agreement, which is to say it was ancillary to an agreement that was output enhancing in the market for fast food. Thus, though the restraint as alleged in the plaintiffs' respective complaints had horizontal elements (in that the franchisees competed with the franchisor for labor), the restraint is not *per se* unlawful because it "may contribute to the success of a cooperative venture that promises greater productivity and output." *Polk Bros., Inc. v. Forest City Enterprises, Inc.*, 776 F.2d 185, 189 (7th Cir. 1985). Such restraints are judged under the rule of reason. *Polk Bros.*, 776 F.2d at 188-89 ("A court must distinguish between 'naked' restraints, those in which the restriction on competition is unaccompanied by new production or products, and 'ancillary' restraints, those that are part of a larger endeavor whose success they promote.").[4] The restraint plaintiffs allege must be judged under the rule of reason.

---

[4] The restraint alleged by Deslandes and Turner is similar to dual distribution, where a "manufacturer simultaneously sells to independent dealers and to those who might otherwise be customers of those dealers." Phillip E. Areeda & Herbert Hovencamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 1605a (4th and 5th Editions, 2015-2021). Such arrangements are generally judged under the rule of reason, because the restraints generally "serve legitimate purposes without harming market competition." *Id.* ¶ 1605c ("The manufacturer's own presence at the dealer level in no way alters its strategy for profit maximization. That presence would not induce it to impose restraints that reward dealers with excess profits, because such profits necessarily reduce its own manufacturer-level profits."); *see also Krehl v. Baskin-Robbins Ice Cream Co.*, 664 F.2d 1348, 1357 (9th Cir. 1982) ("dual distribution systems must be evaluated under the traditional rule of reason standard").

9

Next, plaintiffs argue that they were not required to amend their complaints to add rule-of-reason allegations, because they need not plead legal theories. Plaintiffs are correct that "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. Shelby*, 574 U.S. 10, 11 (2014). That does not, however, absolve either of these plaintiffs of the obligation to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson*, 574 U.S. at 12 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In other words, this Court would not dismiss either plaintiff's antitrust claim for failing to include the words "rule of reason" in her respective complaint. The Court can, however, dismiss such a claim for failure to include allegations of market power in a relevant market, because those are the facts necessary to render plausible a claim that a restraint is unlawful under rule-of-reason analysis. Deslandes and Turner failed to include such facts.

Nor are plaintiffs saved by their suggestion that employment by McDonald's restaurants constitutes a market all its own, separate from the market for employment by other quick-serve restaurants. Plaintiffs could have sold their labor to other customers. As the Seventh Circuit has explained:

> Suppose that a well-conducted survey shows that vanilla is people's favorite flavor of ice cream, and by a large margin. It would not follow that vanilla ice cream is a separate market, because if its price rises any other ice cream producer could make more vanilla and less chocolate or pistachio. For a closely related reason, [the expert's] conclusion that at-shelf coupons uniquely appeal to 'impulse shoppers' (that is, shoppers who do not prepare in advance by clipping coupons from the Sunday supplements) does not identify an economic market. *Attributes of shoppers do not identify markets.* An example from *United States v. Rockford Memorial Corp.*, 989 F.2d 1278, 1284 (7th Cir. 1990), shows why. Suppose that diabetics must drink low-calorie soft drinks, if any at all. Could producers of artificially sweetened soft drinks raise prices as a result of those 'locked in' customers? No, they could not. A price increase not only would drive nondiabetic customers to other products but also would induce rivals to switch some of their production from standard drinks to artificially sweetened ones. The

> healthy customers, and the products, combine to protect the diabetic customers. Just so with coupons. Careful shoppers and other producers protect the impulse buyers (or, to be accurate, protect the manufacturers that want to sell to impulse buyers).

*Menasha Corp. v. News Am. Mkg. In-Store, Inc.*, 354 F.3d 661, 665 (7th Cir. 2004) (emphasis added). The idea that Deslandes and Turner sold their labor in market that was limited to McDonald's outlets is implausible. They could have sold their labor to other buyers. As in *Agnew*:

> Plaintiffs appear to have made the strategic decision to forgo identifying a specific relevant market. Whatever the reasons for the strategic decision, they cannot now offer post hoc arguments attempting to illuminate a buried market allegation.

*Agnew*, 683 F.3d at 347. Neither plaintiff alleged, in her respective complaint, a relevant market or that defendants had market power in that relevant market.

In a footnote, plaintiffs request leave to amend. It is far too late for that. On June 25, 2018, this Court explicitly gave plaintiff Deslandes an opportunity to file an amended complaint in order to add allegations that defendants had market power in the relevant market. [Docket 53 at 16]. The Court set a deadline of July 23, 2018 for the amendment. [Docket 53 at 16]. Deslandes did not file an amended complaint, and, thus, as this Court has mentioned in multiple orders, plaintiff waived the chance to add those allegations. Plaintiffs argue that plaintiff Turner was not given a deadline for amending her complaint. The reason the Court did not set an explicit deadline for Turner was that such a deadline was unnecessary. When Turner asked this Court to consolidate her case with Deslandes's, she specifically stated that she was asserting the same claim as Deslandes. (Docket 146 at 5) ("Ms. Turner's addition to the case will not significantly impact the scope of discovery as *she will assert the same legal theories* as Ms. Deslandes.") (emphasis added). It is far too late in this case, after discovery has closed, for either plaintiff to add allegations of market power in the relevant market. *Cf. Chapman v. First*

11

*Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) ("a district court has discretion to reject an attempt to remake a suit more than four years after it began"). Plaintiffs have not shown good cause for this Court to relieve them of a strategy they chose years ago. Their neglect to amend in 2018 is not excusable.

Finally, the Court notes that amendment would be futile. As this Court has previously explained, the relevant geographic market for the type of labor Deslandes and Turner were selling is a small, local area. This Court explained why, at length, previously. *Deslandes*, 2021 WL 3187668 at *12-13. It would be futile for either plaintiff to amend. It is undisputed that, within three miles of Deslandes's home were two McDonald's restaurants and between 42 and 50 other quick-serve restaurants. Within ten miles of Deslandes's home were 517 quick-serve restaurants. Accordingly, Deslandes cannot plausibly allege that defendants had market power in the relevant market within which she sold her labor. Within ten miles of Turner's home were 253 quick-serve restaurants. Accordingly, Turner cannot plausibly allege that defendants had market power in the relevant market in which Turner sold her labor. Without market power, defendants could not suppress plaintiffs' wages; another buyer would step in to pay plaintiffs more. *See Alston*, 141 S.Ct. at 2156 (citing *Polk Bros*, 776 F.2d at 191 ("Unless the firms have the power to raise price by curtailing output, their agreement is unlikely to harm consumers, and it makes sense to understand their cooperation as benign.")). Amendment would be futile.

Deslandes failed to allege plausibly that the restraint is unlawful under rule-of-reason analysis. She declined to amend when she had the chance, and now it is too late. Defendants are entitled to judgment on the pleadings with respect to Count I of Deslandes's amended complaint. The same is true with respect to Turner. Defendants are entitled to judgment on the pleadings on Count I of her complaint.

### B. Motions for summary judgment

Accordingly, the cross motions for summary judgment are denied as moot.

### IV. CONCLUSION

For these reasons, defendants' motion [378] for judgment on the pleadings or for summary judgment is granted in part and denied in part. Plaintiffs' motion [390, 393] for summary judgment is denied as moot. Defendants' motions [409, 411] to exclude experts are denied as moot. Defendants are granted judgment on the pleadings with respect to Count I of Deslandes's amended complaint. Deslandes's claims against Does 1-10 are dismissed for want of prosecution.

Defendants are granted judgment on the pleadings with respect to Count I of Turner's complaint. Civil case terminated.

**SO ORDERED.**                                    ENTERED: June 28, 2022

 

 

**HON. JORGE ALONSO**
**United States District Judge**