**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEINANI DESLANDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 4857 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| McDONALD'S USA, LLC, | ) | |
| McDONALD'S CORPORATION, and | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The motions [376, 388, 401, 413, 429, 435] to seal are granted. The Clerk may unseal page 264 of docket entry 302-1. The remainder of docket entry 302-1 shall remain under seal. Civil case terminated.

**STATEMENT**

Litigation in federal courts is presumptively public, and people who "call on the courts . . . must accept the openness that goes with subsidized dispute resolution." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so one—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is entitled to be kept secret." *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Under Illinois law, a trade secret:

means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:

(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d).

The "strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution." *Baxter*, 297 F.3d at 548. Thus, "[p]ublic access depends on whether a document 'influenc[ed] or underpin[ned] the judicial decision." *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 698 (7th Cir. 2014).

The parties have filed multiple motions to seal documents they filed in connection with their cross motions for summary judgment. The documents the parties want kept under seal fall in three categories: documents containing McDonald's trade secrets, documents that contain personal information about third parties and documents produced by Paychex, Inc. ("Paychex") during discovery in this case.

The Court notes first that it did not consider the motions for summary judgment on the merits. It denied those motions as moot, after granting defendants' motion for judgment on the pleadings. Because the Court did not consider the evidence in support of the cross motions for summary judgment, the presumption of public disclosure does not apply. That is reason enough to grant the motions to seal.

The Court notes, too, that McDonald's and Paychex have made sufficient showings to protect their trade secrets from disclosure, even had the Court considered the material.

Paychex, a third-party payroll processor, responded to a subpoena and produced certain payroll records of certain franchisees. Those records were used by the parties and by experts to calculate whether class members suffered antitrust impact. Paychex points out that the information has value and that it takes steps to maintain the confidentiality of the information. Accordingly, even were the information subject to the presumption of public disclosure, it would be reasonable to protect it.

McDonald's, too, has made a sufficient showing that its information should be protected from disclosure as trade secrets. McDonald's has explained that it has spent thousands of hours developing its franchise system, business methods and practices. It has spent thousands of hours developing detailed market analyses, business systems and templates for training and operating. The information derives value from not being generally known. McDonald's protects this information by maintaining secure databases that are available only to McDonald's employees by unique identifier and password. Only the employees who need to know particular information have passwords to access that information. McDonald's has adequately shown that the information should be protected as trade secrets, even were it subject to the presumption of public disclosure.

Finally, the Court notes that, in ruling on the motion for judgment on the pleadings, the Court considered one page of one document that defendants had previously been given leave to

file under seal. Specifically, the Court considered page 264 of docket entry 302-1. That page contains no trade secrets, and the Court hereby lifts the seal on that page.

Interested parties remain free to challenge whether particular documents should remain under seal. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).

**SO ORDERED.**                                        **ENTERED: June 28, 2022**

                                        _____
                                        **HON. JORGE ALONSO**
                                        **United States District Judge**