**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEINANI DESLANDES, on behalf of herself and all others similarly situated, | |
| Plaintiff | Civil Case No. 17-cv-04857 |
| v. | Judge Jorge L. Alonso<br>Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, *et al.* | |
| Defendants. | |
| STEPHANIE TURNER, on behalf of herself and all others similarly situated, | Civil Case No. 19-cv-05524 |
| Plaintiff, | |
| v. | |
| McDONALD'S USA, LLC, *et al.* | |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 10, 2024 Minute Order, Dkt. 491, Plaintiffs Leinani Deslandes and Stephanie Turner ("Plaintiffs") and Defendants McDonald's USA, LLC and McDonald's Corporation ("McDonald's") respectfully submit this Joint Status Report in advance of the July 10, 2024 status conference.

## I. Preliminary Statement

### A. Plaintiffs' Statement

Plaintiffs filed this case in 2017. The fact discovery cutoff was in 2020. The parties fully briefed summary judgment in 2021, including Plaintiffs' motion for summary judgment specifically and expressly regarding McDonald's—unpled—affirmative defense that the challenged no-hire agreement was somehow reasonably necessary to its franchise system. Dkt. 399-1. In response, McDonald's made no Rule 56(d) objection that it needed additional discovery to respond. To the contrary, McDonald's said: "There is no reason to preclude the parties from litigating the issue now" and, contrary to its suggestion that it did not fully develop its defense in reliance on the Court's earlier motion to dismiss ruling, McDonald's said that "undisputed evidence" confirmed its affirmative defense. Dkt. 415 at ECF 14 and 30. McDonald's said that on December 7, *2021*. McDonald's then succeeded in its cross motion for "Judgment On The Pleadings Or In The Alternative For Summary Judgment" (Dkt. 378), and the Court entered judgment for McDonald's. Dkt. 453 and 470. Plaintiffs appealed. The Seventh Circuit agreed with Plaintiffs that the challenged misconduct is per se unlawful, unless McDonald's prevails on its (unpled) affirmative defense that the no-hire agreement was reasonably necessary to its franchise system. *Deslandes v. McDonald's USA, LLC*, 81 F.4th 699 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 1057 (2024). The Seventh Circuit vacated judgment against Plaintiffs and remanded for further proceedings. *Id.*

On remand, McDonald's asked to reopen both fact and expert discovery regarding the same affirmative defense that was the subject of Plaintiffs' prior, fully briefed, motion for summary judgment. Dkt. 484. Over Plaintiffs' objections (Dkt. 484 and May 23, 2024 Status Hr'g Tr.), this Court reopened fact and expert discovery regarding McDonald's affirmative defense, and set a

-1-

schedule sensitive to Plaintiffs' need to "review and rebut the additional evidence." Dkt. 489 at 4. On July 3, 2023, McDonald's produced 4,226 documents that totaled 31,245 pages, and three fact witness declarations. Plaintiffs have not had time—over the holiday weekend—to thoroughly review these documents. However, Plaintiffs have examined the metadata, and the vast majority of these documents were created after this case's 2020 fact discovery cutoff. 1,963 documents were created just last year, and 670 documents were created this year. Plaintiffs reserve all rights to investigate, respond to, and rebut these new documents, with every discovery tool in the Federal Rules of Civil Procedure. Plaintiffs also reserve all rights to strike, or otherwise exclude, this evidence.

**B.     McDonald's Statement**

Plaintiffs' lengthy prologue to this Joint Status Report is misguided and unnecessary. Not only is the Court well aware of Plaintiffs' objections to reopening limited discovery, the Court heard and rejected those objections on grounds that discovery was "necessary" "to address the list of 'potentially complex questions' and 'careful economic analysis' identified by the Seventh Circuit." Dkt. 489 at 2-3 (quoting *Deslandes v. McDonald's USA, LLC*, 81 F.4th 699, 705 (7th Cir. 2023)). However "strong[]" Plaintiffs' disagreement may be, this Joint Status Report is not the place to relitigate issues fully briefed to Judge Alonso (Dkt. 484), argued at length during an hour-long hearing (Dkt. 488), and decided against Plaintiffs in a detailed written order (Dkt. 489).

McDonald's also notes that Plaintiffs did not seek to meet and confer before the hearing with Judge Alonso on the scope of discovery McDonald's sought (*see, e.g.*, May 23, 2024 Hrg. Tr. 18:6-12), and never asked for further discovery on any issues in the event McDonald's request for limited discovery on ancillarity was granted—including any of the issues they raise below to the Court. Instead, Plaintiffs waited nearly three weeks after the Court granted McDonald's request (and one week before the Court-ordered deadline to produce documents) to raise these issues in the first instance. McDonald's responded in writing with respect to each of the concerns identified by Plaintiffs almost a week before this joint statement was due, which Plaintiffs conspicuously do not acknowledge in their statement below.

Consistent with the Seventh Circuit's guidance, and this Court's Order (Dkt. 489), McDonald's produced 4,226 documents from six custodians (and non-custodial repositories) on the topics on which the Court authorized discovery. That included documents from two new custodians and four prior custodians. That constitutes the precise kind of limited, targeted production McDonald's promised and the Court authorized.

## II. Additional Fact Witnesses

McDonald's identified four new fact witnesses on June 17, 2024: Nicole Tracy (Field People Officer and HR Director for the Dallas Field Office), Lisa Schumacher (Director of Education Strategies for McDonald's Corporation), Courtney Goodwin (Franchisee Owner-Operator, JDG Enterprises), and Anna Oquin (Franchisee Owner-Operator, Rio Arch Inc.).

## III. Additional Documents and Written Discovery Responses

McDonald's produced 4,226 new documents, totaling 31,245 pages, on July 3, 2024. The documents produced come from the files of six custodians: Nicole Tracy, Lisa Schumacher, Manny Abreu, Alma Anguiano, Fred Soykan, and "McDonald's" (i.e., documents produced from non-custodial repositories). Tracy and Schumacher are new custodians—the others were document custodians during the prior fact discovery period. Plaintiffs reserve all rights to strike or otherwise exclude these additional documents. Defendants intend to oppose any such motion.

McDonald's did not provide an updated privilege log on or before July 3, 2024. Five documents have been redacted (in part) due to privilege, and McDonald's will provide an updated privilege log in due course.

On July 5, 2024, McDonald's agreed to supplement its prior written discovery responses (e.g., interrogatory responses) by July 29, 2024. Plaintiffs reserve all rights to strike or otherwise exclude these supplemental responses. Defendants intend to oppose any such motion.

## IV. Deposition Schedule

Plaintiffs are reviewing the documents McDonald's produced on July 3, 2024, and will meet and confer with McDonald's regarding scheduling redo fact depositions by the October 31, 2024 deadline set forth in the Court's CMO. McDonald's will make witnesses available for those

depositions, and, as it has previously committed, will seek to schedule them in a way to reduce any associated burden on the parties. May 23, 2024 Hrg. Tr. at 4:18-5:3.

## V. Disputes

Earlier today, the parties met and conferred by videoconference to discuss the following two issues but were unable to reach agreement. Dean Harvey, Derek Brandt, Anne Shaver, Jess Moldovan attended for Plaintiffs and Rachel Brass and Julian Kleinbrodt attended for McDonald's.

### A. McDonald's Discovery Obligations

#### 1. Plaintiffs' Position

On June 26, 2024, in advance of McDonald's then-forthcoming production, Plaintiffs requested basic information regarding McDonald's search methodology for identifying documents it intended to produce "to address the issues respecting the ancillary restraint defenses raised by the Seventh Circuit." CMO at 3. Specifically, Plaintiffs asked that McDonald's identify new custodians—or explain why these documents were not produced previously if from previously agreed-to custodians—and confirm it was using the parties' previously agreed-to search terms. If McDonald's intended to use new search terms, Plaintiffs asked that McDonald's provide those terms as well as the metrics McDonald's intended to use to assess the efficacy of those terms (such as the percentage of documents hitting upon search terms that it deemed not responsive). And, if McDonald's intended to use an altogether different methodology, to explain that methodology. A day before McDonald's production was due, McDonald's responded with its refusal to provide any of this information on the basis that it was making a voluntary production, rather than responding to a discovery request.

McDonald's refusal to provide this foundational information to Plaintiffs defies well-established best practices for discovery in civil litigation and violates the ESI Protocol entered in this case (Dkt. 99). "Discovery is a collaborative process between the parties," *Black v. Friedrichsen*, No. 119CV00307WCLSLC, 2021 WL 164797, at *9 (N.D. Ind. Jan. 19, 2021), and the Sedona Conference provides for exchanging exactly the type of information Plaintiffs requested, *see The Sedona Principles, Third Edition: Best Practices, Recommendations &*

*Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1, 83 (2018) ("[C]onsistent with the Federal Rules and best practices, parties should be prepared to discuss the sources of ESI that have been identified as containing relevant information as well as the steps that have been taken to search for, retrieve, and produce such information."). Courts have recognized the importance of sharing this information, particularly as it pertains to use of search terms. *See Deal Genius, LLC v. O2COOL, LLC*, 682 F. Supp. 3d 727, 734 (N.D. Ill. 2023) ("To ameliorate the impact of under-inclusive search results (and other limitations with search terms), parties should adopt iterative search term development procedures and quality assurance practices that can help identify relevant information not retrieved by the original search terms."); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2018 WL 1146371, at *2 (N.D. Ill. Jan. 3, 2018) ("Developing efficient keyword search terms is an iterative process and will require transparent and cooperative efforts by both" parties). Indeed, the parties' ESI Protocol requires precisely these efforts:

> 13. **Document Collection, Search, and Production.** The parties shall cooperate to identify appropriate custodians and/or other data sets to be searched, appropriate search terms or other search techniques to be employed, and appropriate time frame(s) to be searched and produced. To the extent possible, proposed custodians shall be identified by name, title(s) and corresponding date(s), connection to this litigation, and the type of the information under his/her control.
>
> 14. **Meet and Confer Obligations.** The parties recognize that the production of electronic documents often involves unforeseen issues and difficulties and therefore agree to act in good faith to negotiate any modifications to these production guidelines that are reasonably necessary to avoid undue cost or burden. To the extent there is any dispute with respect to the provisions of this Order, or with the

>method(s) or manner(s) of the production of ESI, the parties shall meet and confer in attempt to resolve such dispute(s) prior to seeking judicial intervention.

Dkt. 99 at 6.  Below, McDonald's says nothing about Paragraph 13 of the ESI Protocol, which explicitly requires the parties to cooperate on custodians and search terms.  The general understanding that the producing party is best positioned to take the lead in these conversations does not dispel McDonald's of its obligations under the ESI Protocol to engage in them.

The notion that Plaintiffs are not entitled to this information because they did not serve a discovery request seeking the discovery McDonald's *asked the Court to allow it to provide* is incorrect (Plaintiffs did serve requests for production seeking such documents years ago) and nonsensical.  The ESI Protocol governs "the production of electronically stored information ('ESI') in [this] matter"—it is not limited to ESI produced only in response to a request for production. Dkt. 99 at 1.  Moreover, as Plaintiffs explained at length in the parties' prior joint statement and at the corresponding hearing, they did not (and do not) believe McDonald's should be able to introduce additional discovery on the topic of ancillarity.  But the Court disagreed; limited discovery—at McDonald's request—is therefore proceeding. With this ability to produce documents that McDonald's should have produced years ago must come all of the responsibilities that always accompany discovery, including providing the receiving party with the information necessary to assess the producing party's production. McDonald's has provided none of that information, and refuses to do so.  As things stand now, McDonald's has cherry-picked and produced only those documents that support its litigation position (using methods and procedures it refuses to disclose), and has withheld all responsive documents that do not.  This is completely unfair and prejudicial to Plaintiffs, and antithetical to the normal course of civil discovery.

This is particularly true given that McDonald's July 3, 2024 document production reveals that none of the custodians for this production are new; that is, it has only produced documents from pre-existing custodians.  This raises the obvious question (which Plaintiffs asked in their letter, and McDonald's refused to answer) of why these documents were not previously identified

-6-

as responsive, given Plaintiffs' specific requests for production on the topic of ancillarity.[1] How did McDonald's identify these new documents? What documents did its search turn up that it has not produced? Did these documents "hit" on the parties' previously negotiated search terms for these very same custodians? Are there documents that flatly contradict documents that McDonald's has elected to now produce? If McDonald's discovery redo is to be in any sense meaningful, Plaintiffs must have the opportunity to cross-examine witnesses and purported document sources with meaningful discovery. McDonald's refusal to engage in this process should not be permitted.

## 2. McDonald's Position

As the Court is well aware, it was McDonald's who requested, and received Court approval for, limited supplemental discovery to support its ancillary restraint defense. In particular, McDonald's considered "the list of 'potentially complex questions' and 'careful economic analysis'" (Dkt. 489 at 3) implicated by the Seventh Circuit's decision, and worked to identify, review, and produce documents accordingly. At no point during the exchange of statements leading up to the May status conference during which McDonald's made clear it intended to seek to modestly supplement the discovery record, nor in the three weeks after the Court authorized additional discovery, did Plaintiffs ask to engage McDonald's regarding search terms or anything

---

[1] See Plaintiffs' First Set of Requests for Production of Documents, No. 14 ("All documents concerning the reasons to implement or maintain Paragraph 14 of the Franchise Agreement or any other no-hire or no-solicitation agreement or policy concerning employees at any McDonald's restaurant."); No. 15 ("All documents concerning the benefits, if any, to you or your franchisees of Paragraph 14 of the Franchise Agreement or any other no-hire or no-solicitation agreement or policy concerning employees at any McDonald's restaurant."); No. 16 ("All documents concerning any purported pro-competitive effects or benefits, if any, of Paragraph 14 of the Franchise Agreement or any other no-hire or no-solicitation agreement or policy concerning employees at any McDonald's restaurant."); No. 77 ("All documents concerning McDonald's assertion in the McDonald's USA LLC's Assurance of Discontinuance that "in McDonald's view, paragraph 14 was adopted to encourage franchisees to make the investments necessary to develop well-trained, high-quality, and stable workforces in their restaurants, which in turn strengthened McDonald's brand and individual McDonald's branded-restaurants' ability to compete against other branded companies, among other reasons.").

else. To the contrary, Plaintiffs represented (prior to the last CMC, at the CMC, and at the beginning of this status report itself) that they object to *any* additional discovery and made no effort to propound discovery requests or otherwise participate in the discovery process. Plaintiffs' sudden interest in search terms and methodologies is at complete odds with their repeated representations to McDonald's and the Court.

At the prior CMC, McDonald's explained that it would identify a small number of new custodians, produce a small volume of files from prior custodians' files, and collect documents from non-custodial repositories. Had Plaintiffs wanted to participate in that effort and "cooperate to identify appropriate custodians and/or other data sets to be searched, appropriate search terms or other search techniques to be employed, and appropriate time frame(s) to be searched and produced," they could have reached out to McDonald's to do so. They instead waited until a week before the production was due—far past the point at which custodians or search terms could be negotiated to facilitate collection, review, and production. It is therefore clear that Plaintiffs did not want to "cooperate" with McDonald's on these issues—just as McDonald's presumed based on Plaintiffs' prior, repeated representations—but rather engage in post-hoc flyspecking. The ESI protocol does not authorize Plaintiffs to take discovery on discovery.

To be clear, McDonald's undertook the exact process that it described to Judge Alonso at the last conference. It targeted the narrowest sources of documents that were within the bounds delineated by Judge Alonso and reviewed those documents for responsiveness to the topics on which Judge Alonso authorized discovery. Specifically, McDonald's identified new custodians (i.e., Nicole Tracy and Lisa Schumacher) and produced documents from their files limited to the issues for supplemental discovery. McDonald's also worked to identify additional, non-custodial repositories for the same purpose. As a result, the documents McDonald's produced are a mix of custodial emails, word documents, PowerPoints bearing on issues such as McDonald's investment in programs that benefit employees throughout the McDonald's system, as well as non-custodial documents, such as marketing materials evincing the manner in which McDonald's competes as a brand in labor markets. All this is bog standard: "As courts have noted, the producing party is in

-8-

the best position to 'evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.'" *Winfield v. City of New York*, 2017 WL 5664852, at *9 (S.D.N.Y. Nov. 27, 2017); *see also Enslin v. Coca-Cola Co.*, 2016 WL 7042206, at *14 (E.D. Pa. June 8, 2016) ("[I]t is fundamental that it is the producing party who is [in] the best position to determine the method by which they will collect and review documents.").

To date, Plaintiffs have not raised specific concerns about the nature of McDonald's production. That McDonald's had to use a methodology to identify and review documents for supplemental discovery was not an "unforeseen issue[] and difficult[y]" under Paragraph 14 of the ESI Protocol. If there are "unforeseen issues and difficulties" regarding the ESI McDonald's produced on July 3, then McDonald's will meet-and-confer with Plaintiffs regarding those issues pursuant to Paragraph 14 of the ESI protocol.

### B. Deadline for McDonald's Production of Fact Declarations

#### 1. Plaintiffs' Position

McDonald's produced three new fact witness declarations with its document production on July 3, 2024. McDonald's did not ask the Court for permission to provide additional fact declarations, McDonald's was not authorized to do so, and McDonald's did not even bring up the possibility of additional fact witness declarations during the May 23, 2024 hearing. Further, McDonald's refuses to confirm whether it intends to provide any *additional* witness declarations, and, if so, when it will do so. McDonald's takes the remarkable position that it can produce these any time it wants.[2] The Court should not allow McDonald's to sandbag Plaintiffs. The Court

---

[2] Indeed, earlier in this very litigation, McDonald's served new fact witness declarations for the first time with its opposition to Plaintiffs' motion for class certification (after the close of fact discovery), where the declarants were franchisee owners and employees. McDonald's took the position that it did not represent these individuals, and Plaintiffs were required to subpoena their documents and deposition testimony while preparing their reply briefing. No doubt McDonald's intends to employ the same prejudicial strategy here. McDonald's should not be permitted an end-run around the Court's schedule for supplemental discovery by funneling new information at the close of discovery through third-party declarants who, if past is prologue, McDonald's will contend are "represented" by separate counsel (provided and paid for by McDonald's).

-9-

should enter a deadline by which McDonald's must provide any additional fact witness declarations, leaving open the question of whether such additional fact witness declarations are permissible. Plaintiffs suggest the same day on which McDonald's has agreed to supplement its written discovery responses: July 29, 2024. This request is without prejudice to Plaintiffs' right to move to strike or otherwise exclude all or any declarations.

### 2. McDonald's Position

Plaintiffs' opposition to McDonald's "additional fact declarations" and demand for a "declaration deadline" are misplaced. There was no such deadline when the Court set deadlines for fact discovery (*see* Dkts. 72, 175, 201), yet the parties relied on declarations in litigating class certification and their cross MSJs nonetheless. Now that this case has been remanded, the parties will be re-briefing ancillarity, class certification, and a motion for summary judgement. As long as a witness is disclosed, there is no bar to introducing their testimony—including through sworn declarations—in connection to that briefing. *See Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450, 452 & n.1 (N.D. Cal. 2001) (no bar to introducing declaration in connection with summary judgment motion so long as witness was properly disclosed under Rule 26). The three declarations that McDonald's produced on July 3, 2024, are all from individuals that were timely disclosed.

Nor is Plaintiffs' complaint in footnote 2 about prejudice well-taken. Franchisee declarations have already been served with McDonald's supplemental production on July 3, 2024. Plaintiffs have until the end of October to subpoena those three operators for deposition should they wish to do so. And, to the extent that Plaintiffs complain that those witnesses are separately represented, that complaint makes no sense: there is nothing wrong about independent businesses seeking their own counsel, nor about cost-sharing agreements in litigation. *See Conrad v. Jimmy John's Franchise, LLC*, 2021 WL 3268339, at *3 (S.D. Ill. July 30, 2021) (denying motion to

strike declarations of separately-represented franchisees and explaining that the defendant franchisor "did not have to serve any of the franchisees on [Plaintiff's] behalf").[3]

Dated: July 8, 2024

| | |
|---|---|
| */s/ Dean M. Harvey* | */s/ Rachel S. Brass*_____ |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| Dean M. Harvey* | |
| Anne B. Shaver* | Rachel S. Brass (admitted pro hac vice) |
| Lin Y. Chan* | Caeli A. Higney (admitted pro hac vice) |
| **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** | Julian W. Kleinbrodt (admitted pro hac vice) |
| 275 Battery Street, 29th Floor | One Embarcadero Center, Suite 2600 |
| San Francisco, California 94111-3339 | San Francisco, California 94111 |
| Tel: 415-956-1000 | Telephone: (415) 393-8200 |
| dharvey@lchb.com | Facsimile: (415) 374-8458 |
| ashaver@lchb.com | Email: RBrass@gibsondunn.com |
| lchan@lchb.com | |
| | Matthew C. Parrott (admitted pro hac vice) |
| Jessica A. Moldovan* | 3161 Michelson Dr. |
| **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** | Irvine, CA 92612 |
| 250 Hudson Street, 8th Floor | Telephone: (949) 451-3800 |
| New York, NY 10013 | Facsimile: (949) 451-4220 |
| Tel: 212-355-9500 | Email: MParrott@gibsondunn.com |
| jmoldovan@lchb.com | |
| | **A&G LAW LLC** |
| Derek Y. Brandt (#6228895) | |
| Connor P. Lemire* | Robert M. Andalman (Atty. No. 6209454) |
| **McCune Law Group** | Rachael Blackburn (Atty. No. 6277142) |
| 231 North Main Street, Suite 20 | 542 S. Dearborn St.; 10th Floor Chicago, IL 60605 |
| Edwardsville, Illinois 62025 | Tel.: (312) 341-3900 |
| Tel: (618) 307-6116 | Fax: (312) 341-0700 |
| Fax: (618) 307-6161 | |
| dyb@mccunewright.com | *Counsel for Defendants McDonald's USA, LLC and McDonald's Corporation* |
| lmp@mccunewright.com | |
| cpl@mccunewright.com | |
| | |
| Richard D. McCune* | |
| Michele M. Vercoski* | |

---

[3] McDonald's produced all declarations on which it intends to rely on July 3, 2024. Of course, McDonald's reserves the right to rely on additional declarations if appropriate—including in response to any new evidence or arguments offered by Plaintiffs.

**McCune Law Group**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Tel: (909) 557-1250
rdm@mccunewright.com
mmv@mccunewright.com

*Attorneys for Individual and Representative Plaintiffs Leinani Deslandes and Stephanie Turner*

\* Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I, Dean M. Harvey, an attorney, hereby certify that the parties' **Joint Status Report** was electronically filed on July 8, 2024 and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

*/s/  Dean M. Harvey*

Case: 1:17-cv-04857 Document #: 493 Filed: 07/08/24 Page 14 of 14 PageID #:40374