IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Leinani Deslandes, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No: 17cv4857 |
| | ) | |
| v. | ) | Magistrate Judge: M. David Weisman |
| | ) | |
| McDonald's USA, LLC et al, | ) | |
| | ) | |
| Defendant(s), | ) | |

**<u>ORDER</u>**

    Magistrate status hearing held. Regarding Plaintiffs' request for information/documents from centralized repositories versus identifying additional custodial sources and ESI search terms, McDonalds is in the process of gathering information/documents. McDonalds to produce a list of relevant repositories by 8/17/24 and will produce any documents on a rolling basis. Discussion held regarding general scope of reopened discovery and, in particular, post-restraint data, including evidence after 2020, given the disruption of Covid-19. As to issue of training/Hamburger University data, McDonalds produced 6 spreadsheets of enrollment information from SABA system (received from third-party subpoena to Cornerstone Information), and Plaintiff seeks additional more-recent training investment information to obtain a more complete data set for their expert. Plaintiffs open to receiving data about training investment from source(s) outside Hamburger University. McDonalds submitted declarations from 3 operators, and Plaintiff contends it needs additional information to respond to these declarations. As to McDonalds' agreement not to use post-2020 data for purposes of its ancillarity defense, McDonald's reiterated even if it inadvertently produced some documents containing post-2020, McDonald's agrees not to use post-202 data at this point. McDonald's reserves the right to respond to arguments raised by Plaintiff to the extent Plaintiff uses post 2020 data. Further, McDonald's notes that some documents and responsive information was created after 2020, but McDonald's intent is to rely on data at or before the 2020 timeframe. Plaintiff is not yet able to state whether it will be relying on any post-2020 data that McDonalds may have produced. As to whether McDonalds will revise interrogatory responses that rely on post-2020 data, the parties shall meet and confer regarding specific interrogatories. Regarding profit and loss data, Court limits the relevant period to the end of 2019 because 1) McDonalds has agreed not to rely on information after that date, and (2) in relation to the ancillarity issue, this timeframe is consistent with Rule 26, the District Court's ruling on reopening of discovery, and the Seventh Circuit opinion. As to Hamburger University data, Plaintiffs are entitled to explore whether additional data would assist their expert in reaching conclusions, so Court will permit a greater production of Hamburger University/training data through the end of 2019 with the caveat that the Court has not seen the relevant requests to produce, so this ruling assumes the data is able to be reasonably obtained by McDonalds within the parameters of Rule 26(b)(1). As to payroll data, for all the same reasons applicable to the profit and loss data, the Court limits the relevant period to the end 2019. Parties to continue to meet and confer to resolve discovery issues as discussed on the record. Status hearing set for 9/18/24 at 1:30 p.m. Parties shall contact the Court at Alyssia_Owens@ilnd.uscourts.gov if the date needs to be amended based on the parties' progress on the issues set forth herein. Joint

status report due by noon on 9/16/24.

T: (1:00)

Date: August 13, 2024

*M. David Weisman*
M. David Weisman
United States Magistrate Judge