**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEINANI DESLANDES, on behalf of herself and all others similarly situated, | Civil Case No. 17-cv-04857 |
| Plaintiff | |
| | Judge Jorge L. Alonso |
| v. | Magistrate Judge M. David Weisman |
| McDONALD'S USA, LLC, *et al.* | |
| Defendants. | |
| STEPHANIE TURNER, on behalf of herself and all others similarly situated, | Civil Case No. 19-cv-05524 |
| Plaintiff, | |
| v. | |
| McDONALD'S USA, LLC, *et al.* | |
| Defendants. | |

**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**

Plaintiffs Leinani Deslandes and Stephanie Turner ("Plaintiffs") and Defendants McDonald's USA, LLC and McDonald's Corporation ("McDonald's") respectfully submit this joint statement regarding McDonald's request to depose Dr. Peter Cappelli regarding his 2021 class certification rebuttal report. The parties conferred about the dispute via phone and email but were unable to reach an agreement.

## I.      <u>Plaintiffs' Position</u>

On March 28, 2025, the parties served "supplemental expert reports on issues for which [that] party bears the burden of proof". Dkt. 519. Plaintiffs served a supplemental expert report from Dr. Hal Singer in support of Plaintiffs' forthcoming motion for class certification, and McDonald's served a supplemental expert report from Dr. Justin McCrary in support of its affirmative defense of ancillarity. Rebuttal expert reports are due on May 23, 2025.

Plaintiffs also served a two-paragraph signed statement from Dr. Peter Cappelli that simply states that he stands by his prior reports, originally served on McDonald's four years ago in connection with class certification briefing that occurred prior to Plaintiffs' successful appeal. Ex. 1. The purpose of Dr. Cappelli's two-paragraph statement was solely to make clear that Plaintiffs would continue to rely on his prior reports in support of their renewed motion for class certification, due on November 6, 2025. This is consistent with the parties' prior practice in this case: In support of its motion for judgment on the pleadings, McDonald's filed similar declarations from Dr. McCrary and Dr. Murphy in which those experts identified their prior reports so that McDonald's could rely on them in its motion. Dkts. 379-1, 379-2. No extra depositions followed.

For the current round of expert depositions, the parties agreed to ten hours on the record to allocate across two depositions for Dr. Singer and Dr. McCrary, who provided supplemental affirmative reports *and* will provide supplemental rebuttal reports. But McDonald's asked to apply this same protocol to Dr. Cappelli (capped at seven hours) even though Dr. Cappelli provided no supplemental report and no additional opinions. As demonstrated by McDonald's' inability to cite

a single case[1] where a court has allowed a deposition in factually similar circumstances, McDonald's should not be allowed to depose Dr. Cappelli on this statement. McDonald's can of course depose Dr. Cappelli if he provides a supplemental rebuttal report on May 23.

Under Federal Rule of Civil Procedure 26(b)(4)(A), the deposition of an expert required to write a report "may be conducted only after the report is provided." But Dr. Cappelli has not written a new report. The signed statement, which expresses no new opinions, merely identifies his prior reports and states that he stands by his prior opinions. It provides no basis to depose him.

McDonald's argues that it should be permitted to depose Dr. Cappelli both now and after any rebuttal report because it did not depose him on his 2021 rebuttal report in connection with Plaintiffs' motion for class certification. But McDonald's never sought to depose Dr. Cappelli about his 2021 rebuttal report at the relevant time. Even when Plaintiffs continued to rely on Dr. Cappelli's opinions in their summary judgment briefing, McDonald's did not raise a need to depose him on his rebuttal report. Instead, McDonald's pursued a *second Daubert* challenge aimed at Dr. Cappelli, again without ever suggesting that it needed a deposition to address his 2021 rebuttal report. Dkt. 411. The Court should not permit McDonald's to have a second bite at the apple, four years too late. *See Santa Monica Baykeeper v. City of Malibu*, 2011 WL 13185646, at *2 (C.D. Cal. July 22, 2011) (denying request to re-open expert deposition to examine expert on

---

[1] McDonald's relies on: (1) cases where the court permitted a second deposition because the expert submitted a *new report with new information*, *see Cmnty. Ass'n Underwriters of Am., Inc. v. Rauscher Horticultural, LLC*, 2022 WL 1793190, at *2 (W.D.N.Y. June 2, 2022) (permitting second deposition where expert served a rebuttal report containing new information); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 12639392, at *2 (N.D. Cal. Dec. 10, 2014) (same); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019) (same, ordering that "the second deposition should not be used to repeat the questions asked at the first deposition but should only cover new material addressed in the second report"); *cf. Chen v. Yellen*, 2021 WL 4192078, at *5 (N.D. Ill. Sept. 15, 2021) (excluding expert whose report relied solely on an inoperative version of the complaint); or (2) cases having nothing to do with expert opinions whatsoever, *see Redev. Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020) (permitting second deposition of witness initially deposed only for purposes of jurisdictional discovery); *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990) (permitting second deposition of a plaintiff due to late-produced documents); *Young v. Rolling in the Dough, Inc.*, 2018 WL 11534729, at *2 (N.D. Ill. July 19, 2018) (recognizing hypothetical possibility of second depositions of fact witnesses resulting from formal bifurcation of discovery).

rebuttal report where defendant "consciously chose to" depose expert before receiving the rebuttal report because defendant "had the opportunity to obtain the discovery it now seeks").

Any allegedly "contrary law and evidence" does not change the analysis.[2] Dr. Cappelli is not offering legal opinions. And the new evidence McDonald's sought relates to *McDonald's affirmative defense, not class certification*; McDonald's can depose Dr. Cappelli on its affirmative defense if Dr. Cappelli submits a rebuttal to Dr. McCrary's report on that topic. But McDonald's cannot point tonew evidence that Dr. Cappelli *does not cite* in a report that he *did not write* as a basis to take a second deposition regarding his *unchanged* opinions. Indeed, other courts have denied leave to take a second deposition of an expert absent a new report or reason to think the expert's opinion has changed. In *Estrada v. Aerovias De Mexico, S.A. de C.V.*, defendants sought to depose plaintiff's treating physician for a second time "for the limited purpose of questioning her regarding whether and to what extent the additional information Defendants learned after her deposition" affected her conclusions. 2023 WL 6847053, at *4 (N.D. Ill. Oct. 17, 2023). The court found no justification for a second deposition where there was "no reason to think that [the expert's] opinion has changed." *Id.* Here, Dr. Cappelli confirmed his prior opinions are unchanged.

Finally, McDonald's' claims of efficiency and prejudice ring hollow. McDonald's cannot preemptively depose Dr. Cappelli on a rebuttal report that is not due until May 23. Nor does McDonald's' fear that Dr. Cappelli will alter his opinions "in light of McDonald's opening reports" make any sense: any ancillarity rebuttal opinion from Dr. Cappelli would, by design, respond to McDonald's' opening report. Plaintiffs are aware of no case in which a party was permitted to depose a rebuttal expert before that expert has served her report. Deposing Dr. Cappelli twice would duplicate the burden and expense of expert depositions. *See Beverly v. Watson*, 2016 WL 11943340, at *4 (N.D. Ill. June 27, 2016) (denying request to re-open deposition where "getting [deponent's] answer to this single inquiry is greatly outweighed by the burden and

---

[2] McDonald's' logic would entitle both parties to re-depose all experts on their 2021 reports, simply because the Seventh Circuit issued a subsequent ruling (whichclarified *McDonald's'* burden on its affirmative defense,and did not increase *Plaintiffs'* burden on any issue). That would be highly burdensome and inefficient.

expense of requiring him to appear for a second deposition"); *Procongps, Inc. v. Skypatrol, LLC*, 2013 WL 11261327, at *1 (N.D. Cal. May 22, 2013) (holding that it is "more efficient and economical to have a single round of depositions" where "defendants have not articulated a persuasive reason to require two rounds of depositions for plaintiffs' experts").

The Court should deny McDonald's' attempt to re-depose Dr. Cappelli on his 2021 reports.

## II.    Defendants' Position

As part of this new phase of the litigation, on March 28, Plaintiffs identified Dr. Cappelli under Rule 26 as "an expert whose opinions may be presented at trial," and so McDonald's is entitled to depose him now.  Fed. R. Civ. P. 26(b)(4)(A); Ex. 2, March 28, 2025 Email.  Courts routinely allow additional depositions of those deposed in an earlier phase when—like here—the issues "deserve further attention during merits discovery" (*Successor Agency to Former Emeryville Redev. Agency v. Swagelok Co*., 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020)) or when the "complexity of the case [and] the issues involved" justify it (*Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990)).  *See Young v. Rolling in the Dough, Inc.*, 2018 WL 11534729, at *2 (N.D. Ill. July 19, 2018) ("merits discovery may require second depositions of witnesses").

To start, McDonald's has never had the opportunity to depose Dr. Cappelli on the opinions in his May 2021 report.  In his January 2021 report, Dr. Cappelli testified that (i) the relevant labor market was "McDonald's and its Franchisees" and "McDonald's workers"; (ii) McDonald's training is brand-specific and not transferable to other employers; and (iii) McDonald's restaurants share a common pay structure.  Dkt. 270-6 ¶¶ 9a-f.  McDonald's deposed him on *that* report in 2021 and then moved to exclude him.  Dkt. 300; Dkt. 300-1; Dkt. 302-1 at 462.  Dr. Cappelli then served a second report in opposition to McDonald's *Daubert* motion: he opined that wage suppression was Paragraph 14's "original purpose" (Dkt. 330-2 at ¶ 32); McDonald's did not "compete vigorously for workers" in the broader labor market (*id.* ¶ 134); McDonald's training is not transferable to "full-service restaurants" (*id.* ¶¶ 71-86); and McDonald's "is willing to pay the price of higher turnover to keep wages down" (*id.* ¶ 182).  McDonald's has not had the opportunity

to depose Dr. Cappelli on *these* opinions, which he "stand[s] by," Ex. 1, and which are merits opinions, including on ancillarity, notwithstanding Plaintiffs' attempt here to cabin him to class certification. That alone is good cause for Dr. Cappelli's deposition as a party is "entitled to a second deposition where a supplemental report is served in order to explore new opinions." *Cmnty. Ass'n Underwriters of Am., Inc. v. Rauscher Horticultural, LLC*, 2022 WL 1793190, at *2 (W.D.N.Y. June 2, 2022); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 12639392, at *2 (N.D. Cal. Dec. 10, 2014) (authorizing second deposition after rebuttal report). Plaintiffs' inapposite cases do not involve an expert serving a new report or offering a new opinion.

The posture of this case further militates in favor of allowing a deposition of Dr. Cappelli at this time. The Seventh Circuit ruled on several issues related to both of Dr. Cappelli's 2021 reports, all of which he continues to embrace. For example, the Seventh Circuit held that "treating 'workers at McDonald's' as an economic market" is "not sound." CA7 Op. (Dkt. 474) at 3. The Seventh Circuit also directed the Court to consider "potentially complex questions" about what the alleged "no-poach clause [was] doing." *Id.* at 7. To that end, this Court recognized "additional discovery is necessary to address the specific issues identified by the Seventh Circuit." Dkt. 489 at 3. This includes giving McDonald's the opportunity to direct questions to Plaintiffs' experts. The purpose of an expert deposition is to "enable the opposing party to prepare fully for cross-examination." Wright & Miller, Fed. Prac. & Proc. § 2031; *United States v. UBS AG*, 2009 WL 10669553, at *1 (S.D. Fla. May 21, 2009). McDonald's cannot do so effectively without deposing Dr. Cappelli. *Estrada*, on which Plaintiffs rely, does not counsel otherwise because there the defendants (i) had a prior opportunity to elicit the information at issue, and (ii) did not show that a second deposition "would not be duplicative of the first." 2023 WL 6847053, at *3.

Plaintiffs are wrong in suggesting that McDonald's waived its opportunity to depose Dr. Cappelli on his second report by not doing so earlier. Deposing Dr. Cappelli on his May 2021 report *now* is entirely proper because he has reaffirmed those opinions notwithstanding the case's new posture and evidence. To the extent McDonald's "did not raise a need to depose him" earlier, that is because the posture and record in the case were different in 2021. It does not matter if Dr.

Cappelli "does not cite" the newly produced evidence or Seventh Circuit decision; determining how his reaffirmed opinions square with both is precisely the point.

It also is more efficient and fair for McDonald's to depose Dr. Cappelli *before* he submits a rebuttal report. An expert report must contain "a complete statement of all opinions the witness will express *and the basis and reasons for them*." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). McDonald's has had no opportunity to test those bases for Dr. Cappelli's prior rebuttal opinions— or any of his opinions in light of the new evidence adduced by the parties. For one thing, McDonald's own experts, in formulating their rebuttal opinions, "are entitled to know the basis" for Dr. Cappelli's opinions on the current record. *Coleman v. City of Niagara Falls*, 2015 WL 4208602, at *4 (W.D.N.Y. July 10, 2015); *see In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019) (granting request to depose plaintiff's expert after the expert's initial report in part because it was "helpful in fashioning [Defendants' rebuttal] response"). For another, McDonald's should be allowed to test Dr. Cappelli's reaffirmance of his opinions in light of contrary law and evidence as that goes directly to "the relevance and reliability of [his] opinions" and "the reasonableness of [his] reliance on particular data." FJC, Manual for Complex Litigation (Fourth) § 11.481 (2004); *see also Chen v. Yellen*, 2021 WL 4192078, at *5 (N.D. Ill. Sept. 15, 2021) (expert opinion must "consider[] potentially competing evidence").

Deferring Dr. Cappelli's deposition will prejudice McDonald's as it may allow Dr. Cappelli to expand and supplement the opinions in his May 2021 report without prior testing and in light of McDonald's opening report. At that point, McDonald's experts will have no opportunity to respond. *See* Dkt. 519 (providing for no additional reports after May 23, 2025). It also would require unnecessary motion practice over whether Dr. Cappelli's opinions should have been included in his initial report. *See Stanfield v. Dart*, 2013 WL 589222, at *3 (N.D. Ill. Feb. 14, 2013) (rebuttal expert opinion is "limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures"). Allowing McDonald's to depose Dr. Cappelli now—as the parties are doing with other experts—is not an improper "preemptive[]" deposition; it is the most effective way to avoid burdening the Court with a future discovery dispute and to ensure all experts

can offer their opinions in full view of what other experts have in fact opined. *See Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 5 (D.D.C. 2005) (noting Rule 26 is designed "to prevent unfair surprise at trial" and "to permit the opposing party to prepare rebuttal reports").

Dated: May 2, 2025

/s/ Dean M. Harvey
Dean M. Harvey*
Anne B. Shaver*
Lin Y. Chan*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Tel: 415-956-1000
dharvey@lchb.com
ashaver@lchb.com
lchan@lchb.com

Jessica A. Moldovan*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: 212-355-9500
jmoldovan@lchb.com

Derek Y. Brandt (#6228895)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel: 312-543-9198
dbrandt@clarksonlawfirm.com

Richard D. McCune*
Michele M. Vercoski*
Connor P. Lemire*
**McCune Law Group**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Tel: (909) 557-1250
rdm@mccunewright.com
mmv@mccunewright.com
cpl@mccunewright.com

/s/ Rachel S. Brass
**GIBSON, DUNN & CRUTCHER LLP**

Rachel S. Brass (admitted pro hac vice)
Caeli A. Higney (admitted pro hac vice)
Julian W. Kleinbrodt (admitted pro hac vice)
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 393-8200
Facsimile: (415) 374-8458
Email: RBrass@gibsondunn.com

Matthew C. Parrott (admitted pro hac vice)
3161 Michelson Dr.
Irvine, CA 92612
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Email: MParrott@gibsondunn.com

**A&G LAW LLC**

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
542 S. Dearborn St.; 10th Floor Chicago, IL 60605
Tel.: (312) 341-3900
Fax: (312) 341-0700

*Counsel for Defendants McDonald's USA, LLC and McDonald's Corporation*

*Attorneys for Individual and Representative Plaintiffs Leinani Deslandes and Stephanie Turner*

\* Admitted *pro hac vice*

**<u>CERTIFICATE OF SERVICE</u>**

I, Dean M. Harvey, an attorney, hereby certify that the parties' **Joint Statement Regarding Discovery Dispute** was electronically filed on May 2, 2025 and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

*/s/      Dean M. Harvey*